UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE HUNTER W. SMITH,<br>Debtor | : <br> : <br> : | CASE NO. 3:06-CV-1725 (RNC) |

RULING AND ORDER

This is an appeal from a decision of the Bankruptcy Court (Albert S. Dabrowski, Chief Judge) granting a discharge to a debtor in a Chapter 7 case. Appellants opposed a discharge on the ground that, in the year before the debtor filed his bankruptcy petition, he transferred funds in a checking account in his own name to a checking account in his wife's name with actual intent to hinder, delay or defraud a creditor in violation of 11 U.S.C. § 727(a)(2)(A). Following a bench trial, Chief Judge Dabrowski found that appellants had failed to sustain their burden of proving that the transfers were made with the intent prohibited by the statute. On this appeal, appellants contend that the issue whether the debtor acted with the requisite intent is a mixed question of fact and law subject to de novo review. They further contend that the Bankruptcy Court's decision must be reversed even under a clear error standard of review. For the reasons that follow, the decision is affirmed.

<u>Discussion</u>

Appellant's contention that the issue of the debtor's intent

1

presents a mixed question of fact and law is unpersuasive. Whether a person acted with the state of mind prohibited by applicable law, including bankruptcy law, is a pure issue of fact. See In re Keating, No. 05-CV-5921 (JS), 2006 WL 2690239 at *2 (E.D.N.Y. Sept. 18, 2006) (citing Nat'l Union Fire Ins. Co. v. Bonnanzio (In re Bonnanzio), 91 F.3d 296, 302 (2d Cir. 1996)). No case holds that the issue of intent presented here should be treated as a mixed question of fact and law.[1] I conclude, therefore, that the Bankruptcy Court's determination is properly treated as a finding of fact subject to review for clear error.

Appellants contend that the totality of the evidence required the Bankruptcy Court to find that the debtor transferred funds to his spouse as part of a scheme by which he hoped to, and did, hinder collection efforts by his creditors in order to delay his bankruptcy filing and obtain a tax advantage. Appellants' argument has some force. After careful consideration of their

---

[1] Appellants cite D.A.N. Joint Venture v. McCormack (In re McCormack), No. 3:03CV1649 (DJS), 2006 WL 240275, at *1 (D. Conn. Jan. 31, 2006), in which appellant's counsel also appeared. If anything, McCormack appears to support application of a clearly erroneous standard of review. The opinion in McCormack states that the Bankruptcy Court's findings on issues "one through three" were reviewed for clear error. Id. According to plaintiff-appellant's brief in McCormack, issue two was "whether the bankruptcy court erred by failing to hold that the Debtors, with intent to hinder, delay, or defraud a creditor . . . transferred, removed or concealed property . . . within the meaning of 11 U.S.C. [§] 727(a)(2)." Brief of Plaintiff-Appellant at 1, In re McCormack, No. 3:03CV1649 (DJS) (D. Conn. Dec. 24, 2003). In any event, McCormack is not controlling authority, as appellants rightly concede.

2

argument in light of the entire record, however, I am not convinced that the Bankruptcy Court erred.

The Bankruptcy Court's determination that the transfers from the debtor's business account to his spouse's personal account were not made with the intent prohibited by § 727(a)(2)(A) is adequately supported to withstand review for clear error. It is undisputed that the debtor had a long history of transferring funds in his business account to a family account. See, e.g., Cadle Co. v. DiFabio (In re DiFabio), No. 03-21996, 2004 WL 5250438 at *5 (Bankr. D. Conn. Nov. 22, 2004) (transfers from debtor to his spouse, without more, did not constitute evidence of fraudulent intent requiring denial of discharge because it was debtor's practice for many years to turn over a portion of his earnings to his wife for household expenses). Moreover, the record shows that the debtor paid his creditors from the account in his spouse's name, which undercuts an inference that he tried to conceal the account from them.

In resolving the issue of the debtor's intent, the Bankruptcy Court found the debtor's testimony at trial "entirely credible." Due regard must be given to Chief Judge Dabrowski's opportunity to observe the debtor while he testified. Appellants contend, however, that the Bankruptcy Court's assessment of the debtor's trial testimony must be rejected in light of admissions

3

made by the debtor during his Rule 2004 examination.[2] The record establishes that the Bankruptcy Court considered these statements, found them ambiguous, and decided to discount them in light of the debtor's trial testimony. This is the prerogative of a trier of fact assessing the credibility of a witness.

Appellants contend that the debtor's admissions at his Rule 2004 examination must be regarded as dispositive in light of circumstantial evidence of the debtor's intent to hinder or delay his creditors. Appellants point in particular to the debtor's offer of a voluntary wage execution to one of his creditors, The Cadle Company, in order to prevent another creditor, Angel DeGioia, from obtaining a wage execution herself. They also point out that after Cadle declined to accept the voluntary wage execution, another creditor, Banton Construction, obtained a wage execution that ultimately served to prevent DeGioia from obtaining one. These pieces of circumstantial evidence, viewed in light of the entire record, did not prevent the Bankruptcy Court from granting a discharge to the debtor. It is undisputed that the offer to Cadle was made by the debtor's lawyer as part of a legal strategy conceived by the lawyer for dealing with

---

[2] According to the transcript of the examination, the debtor acknowledged stating on an earlier occasion that he did not like leaving large amounts of cash in his business account because it might be taken by creditors. In addition, he acknowledged that it would be accurate to suppose that his name was not on his spouse's account because he did not want creditors garnishing the account.

4

litigation brought by DeGioia, which the debtor could not afford to defend.  As appellants have acknowledged, morever, it is not clear that the debtor or his attorney solicited Banton Construction to attach the debtor's wages.  Transcript of Record at 188, In re Smith, No. 99-32902 (Bankr. D. Conn. Aug. 30, 2004).

Conclusion

Accordingly, the decision of the Bankruptcy Court is hereby affirmed.

So ordered.

Dated at Hartford, Connecticut this 30th day of March 2008.


_____/s/_____
Robert N. Chatigny
United States District Judge